IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
FILED
MAR 24 2005
Michael N. Milby, Clerk

| | |
|---|---|
| IN RE: § | |
| § | |
| ETTA DAVIDSON BROUILLETTE, § | No. 04-82750-G3-7 |
| § | |
| Debtor. § | |
| § | |
| FROST NATIONAL BANK, § | |
| § | |
| Plaintiff, § | |
| § | ADV. NO. 05-8016 |
| VS. § | |
| § | |
| ETTA DAVIDSON BROUILLETTE, § | |
| § | |
| Defendant. § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COMES NOW, FROST NATIONAL BANK, Plaintiff herein, complaining of ETTA DAVIDSON BROUILLETTE, Defendant herein, as follows:

1. This adversary proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure, and § 523 of the Bankruptcy Code. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I).

2. Pursuant to Rule 7004(b)(9) of the Federal Rules of Bankruptcy Procedure, Defendant may be served by First Class Mail by mailing copies of the summons and complaint to Defendant at the address shown in the petition on file with the Court herein, to-wit, 1107 Postoffice Street, Galveston, Texas 77550; and to Defendant's attorney, Ronald M. Gipson, at his post office address, 2200 Market Street, Suite 850, Galveston, Texas 77550-1532.

3. On December 22, 2004, Defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code. Robbye R. Waldron is the duly appointed Chapter 7 Trustee.

4. In 1997, Defendant, as co-maker, signed and delivered a Promissory Note to Plaintiff in the original principal amount of $50,000.00 (hereinafter, the "Original Note"). The other co-maker was her ex-husband, Eric Fryar.

5. On March 20, 1997, in order to induce Plaintiff to extend credit to Defendant and Eric Fryar, Defendant and Eric Fryar executed and delivered to Plaintiff a Commercial Security Agreement in which they granted Plaintiff a security interest in all accounts and proceeds.

6. Plaintiff perfected its security interest by recording it with the Texas Secretary of State.

7. The UCC-1 Financing Statement was filed on April 29, 1997.

8. The Original Note was renewed and extended several times; additional credit was extended to Defendant and Eric Fryar; and Defendant and Eric Fryar executed additional Promissory Notes, Commercial Security Agreements, and UCC-1 Financing Statements.

9. In June 2000, in connection with their request for another renewal and extension of the outstanding indebtedness, Defendant and Eric Fryar delivered personal financial statements to Plaintiff with the intention that Plaintiff would rely on the personal financial statements and would grant the request to renew and extend the outstanding indebtedness.

10. The personal financial statements which Defendant and Eric Fryar submitted to Plaintiff revealed an asset known as the Grynberg Fee.

11. The personal financial statements showed that the Grynberg Fee had a net present value of $314,706.00.

12. The Grynberg Fee was payable to Eric Fryar as a result of his status as a former partner of the Susman Godfrey law firm.

13. In reliance upon the information contained in the personal financial statements, Plaintiff continued to renew and extend the outstanding indebtedness.

14. On or about June 25, 2001, an Agreed Decree of Divorce was entered in Defendant's divorce case (the "Divorce Case")(Cause No. 2000-57483, Harris County) in which Defendant was awarded 50% of the Grynberg Fee.

15. On March 22, 2002, Plaintiff filed a lawsuit against Defendant in Cause No. 2002-14917; *Frost National Bank vs. Fryar & Fryar, a Texas general partnership, Fred Eric Fryar, and Etta M. Davidson*; In the 80th Judicial District Court of Harris County, Texas (the "State Court Lawsuit").

16. On February 4, 2003, Plaintiff recovered a Partial Summary Judgment against Defendant in the State Court Lawsuit.

17. On or about September 26, 2003, an Agreed Order in Suit to Modify Parent-Child Relationship was entered in the Divorce Case in which the Court (1) ordered that the Grynberg Partnership is authorized to make two separate checks for each quarterly payment and to deliver one of the two checks to Defendant and the other to Eric Fryar; and (2) ordered that the division of the Grynberg Fee constitutes "divisions of future income."

18. On or about July 16, 2004, Defendant purported to execute a document entitled "Assignment of Right to Receive Income" (the "Assignment"). In the Assignment, Defendant purported to assign to her mother her (Defendant's) right to receive 50% of the Grynberg Fee.

19. On or about July 16, 2004, Defendant's mother purported to execute a General Warranty Deed (the "Deed") in which she purported to convey to Defendant the real property

3

located at 1107 Postoffice Street, Galveston, Texas 77550 (the "Property"). The Deed was not immediately recorded.

20. On or about July 16, 2004, Defendant was occupying the Property as her primary residence.

21. Defendant has been occupying the Property as her primary residence since at least May 9, 2002.

22. The Assignment recites that the Deed is the primary consideration for the Assignment.

23. Defendant did not discuss the Assignment with Plaintiff at any point prior to the time she filed bankruptcy.

24. Defendant did not obtain Plaintiff's consent before she executed the Assignment.

25. On October 18, 2004, a Final Judgment was rendered in the State Court Lawsuit. The Final Judgment gave Plaintiff (1) a money judgment against Defendant in the principal amount of $239,160.19; and (2) foreclosure of its security interest.

26. December 21, 2004, **the day before she filed her bankruptcy petition**, Defendant recorded the Assignment in the Real Property Records of Galveston County.

27. December 21, 2004, **the day before she filed her bankruptcy petition**, Defendant recorded the Deed in the Real Property Records of Galveston County.

28. Defendant filed bankruptcy on December 22, 2004.

29. In her Statement of Financial Affairs, under No. 10, entitled "Other Transfers," Defendant stated "none."

4

## COUNT I

30. Plaintiff incorporates the factual allegations of Paragraphs 1 to 29 above.

31. Plaintiff would show that, based on the factual allegations contained in Paragraphs 1 to 29 above, Defendant's debt to Plaintiff should be excepted from discharge pursuant to § 523(a) of the Bankruptcy Code.

Respectfully submitted on March 24TH, 2005.

BY: _____
James E. Cuellar
State Bar No. 05202345
440 Louisiana, Suite 718
Houston, Texas 77002
(713) 222-1281 telephone
(713) 237-0570 fax

OF COUNSEL:

WELLS & HENRY, P.C.
440 Louisiana, Suite 718
Houston, Texas 77002
(713) 222-1281 telephone
(713) 237-0570 fax

3893x058.pjj

| B104 (Rev. 2/92) | ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|---|
| **PLAINTIFFS**<br><br>FROST NATIONAL BANK | **DEFENDANTS**<br><br>ETTA DAVIDSON BROUILLETTE<br><br>United States Courts<br>Southern District of Texas<br>FILED<br>MAR 24 2005<br>Michael N. Milby, Clerk | |
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>James E. Cuellar, Wells & Henry, P.C.<br>440 Louisiana, Suite 718<br>Houston, Texas 77002<br>(713) 222-1281 | ATTORNEYS (If Known)<br>Ronald J. Gipson, Gipson and Norman<br>2200 Market Street, Suite 850<br>Galveston, Texas 77550-1532<br>(409) 765-6000 | |
| PARTY (Check one box only)   ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☐ 3 U.S. NOT A PARTY | | |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

11 U.S.C. Sec. 523

**05-8016**

### NATURE OF SUIT
(Check the one most appropriate box only.)

- ☐ 454 To recover money or property
- ☐ 435 To determine validity, priority, or extent of a lien or other interest in property
- ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
- ☒ 424 To object or to revoke a discharge 11 U.S.C. § 727
- ☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan
- ☒ 426 To determine the dischargeability of a debt 11 U.S.C. § 523
- ☐ 434 To obtain an injunction or other equitable relief
- ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan
- ☐ 456 To obtain a declaratory judgment relating to any of the foregoing of action
- ☐ 459 To determine a claim or cause of action removed to a bankruptcy court
- ☐ 498 Other (specify)

| ORIGIN OF PROCEEDINGS (Check one box only.) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|
| **DEMAND** | NEAREST THOUSAND $ | OTHER RELIEF SOUGHT<br>NONDISCHARGEABILITY | | | ☐ JURY DEMAND |

### BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>ETTA DAVIDSON BROUILLETTE | BANKRUPTCY CASE NO.<br>04-82750-G3-7 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Southern | DIVISIONAL OFFICE<br>Galveston | NAME OF JUDGE<br>Clark |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE  (Check one box only.)   ☒ FEE ATTACHED   ☐ FEE NOT REQUIRED   ☐ FEE IS DEFERRED |
|---|
| DATE 3-24-05 | PRINT NAME James E. Cuellar | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |