UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| ETTA DAVIDSON BROUILLETTE | § | CASE NO. 04-82750-G3-7 |
| | § | |
| DEBTOR | § | |
| | § | |
| FROST NATIONAL BANK | § | ADVERSARY NO.  05-8016 |
| | § | |
| PLAINTIFF | § | |
| vs. | § | |
| | § | CHAPTER 13 |
| ETTA DAVIDSON BROUILLETTE | § | |
| | § | |
| DEFENDANT | § | |

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND DEFENDANT'S ORIGINAL ANSWER, SUBJECT TO MOTION TO DISMISS**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, ETTA DAVIDSON BROUILLETTE,** DEFENDANT DEBTOR herein**,** and pursuant to Rule 7012(b) of the Rules of Bankruptcy Procedure, moves to Dismiss this adversary for failure by Plaintiff to state a claim upon which relief can be granted. Defendant would show that although there is a conclusory statement that Defendant's debt to Plaintiff should be excepted from discharge, the factual allegations in the Complaint do not set forth facts sufficient to constitute any grounds on which the discharge should be barred.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court enter an order of dismissal in this proceeding and for such other and further relief which Debtor may be entitled to.

**DEFENDANT'S ORIGINAL ANSWER**

COMES NOW, DEFENDANT **ETTA DAVIDSON BROUILLETTE**, and subject to the foregoing Motion to Dismiss, files this, her answer, responding paragraph by paragraph, to the Original Complaint filed by Frost National Bank:

1. Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint

5. Defendant's best recollection is that she was required to sign a security agreement by Plaintiff, but she has not seen the document for several years and does not recall the exact capacity in which she may have signed nor does she recall the terms of phraseology of any security agreement. Defendant can therefore neither admit nor deny the allegations of paragraph 5 of the Complaint.

6. Defendant has no knowledge of whether Plaintiff perfected any liens and can neither admit nor deny the allegations of paragraph 6 of the Complaint.

7. Defendant has no knowledge of whether Plaintiff filed its UCC-1Financing Statement and can neither admit nor deny the allegations of paragraph 7 of the Complaint.

8. Defendant believes that she or her husband obtained renewals and extensions of the original note and therefore credit was obtained from Plaintiff. However, Defendant has not had access to documents relating to these transactions for several years and cannot recall with specificity which documents she may have signed over the years nor in what capacity. She can neither admit nor deny the allegations of paragraph 8 of the Complaint.

9. Defendant admits that personal financial statements were delivered to Defendant, but does not recall who delivered the statements or the exact date and can thus neither admit nor deny it was in June 2000, nor that she delivered the financial statements. Defendant otherwise denies the allegations of paragraph 9 of the Complaint.

10. Defendant does not recall the exact terminology used in financial statements submitted to Plaintiff, but admits that one or more statements revealed an asset relating to income from the Grynberg partnership. Defendant otherwise denies its allegations of paragraph 10 of the Complaint.

11. Defendant does not recall the value attributed to the Grynberg income stream and can thus neither admit nor deny the allegations of paragraph 11 of the Complaint.

12. Defendant admits that income from the Grynberg Partnership was payable to Eric Fryar as a result of his status as partner in The Grynberg Partnership, but otherwise denies the allegations of paragraph 12 of the Complaint.

13. Defendant denies the allegations of paragraph 13 of the Complaint.

14. Defendant admits the allegations of paragraph 14 of the Complaint.

15. Defendant admits the allegations of paragraph 15 of the Complaint

16. Defendant admits the allegations of paragraph 16 of the Complaint

17. Defendant admits the allegations of paragraph 17 of the Complaint.

18. Defendant admits that Defendant did execute a document entitled "Assignment of Right to Receive Income" and Defendant admits that she did assign to her mother her rights to receive the Defendants share of the income from the Grynberg Fee. Defendant otherwise denies the allegations of paragraph 18 of the Complaint.

19. Defendant admits that Defendant's mother did execute a General Warranty Deed in

which she did convey to Defendant the real property located at 1107 Post Office Street, Galveston, Texas 77550, and further that the Deed was not immediately recorded. Defendant otherwise denies the allegations of paragraph 19 of the Complaint.

20. Defendant admits the allegations of paragraph 20 of the Complaint.

21. Defendant admits the allegations of paragraph 21 of the Complaint.

22. Defendant admits the allegations of paragraph 22 of the Complaint.

23. Defendant admits the allegations of paragraph 23 of the Complaint.

24. Defendant admits the allegations of paragraph 24 of the Complaint

25. Defendant admits on information and belief two different state court lawsuits were filed by Plaintiff, each naming this Defendant as a Defendant in the lawsuit. Defendant understands that a Final Judgment was rendered in one lawsuit but not in the other. Paragraph 25 of the Complaint does not identify which lawsuit is the subject and Defendant can thus neither admit nor deny this allegation of Paragraph 25 of the Complaint.

26. Defendant admits the allegations of paragraph 26 of the Complaint

27. Defendant admits the allegations of paragraph 27 of the Complaint.

28. Defendant admits the allegations of paragraph 28 of the Complaint.

29. Defendant admits that in her Statement of Financial Affairs originally filed in this case under question number 10 entitled "other transfers" the box marked "none" is checked. However, Defendant would show that at her First Meeting of Creditors Defendant's attorney, prior to any questioning from the Trustee or any creditor, volunteered that the transfer had occurred and disclosed that the transfer was

inadvertently omitted from the Debtor's schedules when the final paperwork was typed. Defendant's attorney subsequently filed an amended Statement of Financial Affairs disclosing the transfer.

30. No allegations of fact requiring admission or denial are contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations of paragraph 31.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Judgment be entered in her favor, for all court costs and expenses, and for such other and further relief as the Court deems proper.

Respectfully submitted,

GIPSON & NORMAN

/s/ Ronald M. Gipson
Ronald M. Gipson
Texas Bar #07976500/Fed.  0984
2200 Market Street, #850
Galveston, TX 77550
(409) 765-6000 Telephone
(409) 765-5937 Facsimile
ATTORNEY FOR DEBTOR

CERTIFICATE OF SERVICE

I, RONALD M. GIPSON, hereby certify that the foregoing Original Answer to Complaint of Frost National Bank was faxed and was mailed to opposing counsel of record by regular U. S. Postal delivery, this 22nd day of April, 2005.

/s/ Ronald M. Gipson
Ronald M. Gipson